IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DARRELL TYRONE AVERY, #357310  *
      Plaintiff,
   vs.  *  CIVIL ACTION NO. RWT-12-3611

JOHN AND STEVE  *
      Defendants.
                                ***

**MEMORANDUM OPINION**

    The above-captioned case was filed on a 42 U.S.C. § 1983 form and received for filing on December 10, 2012. ECF No. 1. Plaintiff, who is confined at the Western Correctional Institution, complains that he was involved in an accident in 2007 and he never received any money for damages or counseling. He contends that he needs the Court's help to sue two individuals named "John and Steve," who have a given address of "North Avenue and St. Paul [Street]."

    Because he appears indigent, Plaintiff's Motion to Proceed In Forma Pauperis shall be granted. *See* 28 U.S.C. § 1915(a). His Complaint, however, shall be summarily dismissed. The claims contained herein, while general and speculative, concern the negligence of individuals who appear to be private citizens.[1] To the extent that he is seeking damages against Defendants in this Court, Plaintiff cannot so do. First, the jurisdictional and threshold requirements of § 1983 civil actions demand that a substantial federal claim be asserted and that the named defendants act "under color of" state law. *See* 28 U.S.C. §§ 1343(a)(3) and (4); *see also West v. Adkins*, 487 U.S. 42, 49 (1988); *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 928-930 (1982). Neither party Defendant is a state actor.

---

[1] While the Court is sympathetic to Plaintiff's situation, the conclusory claim fails to set out a civil rights or constitutional deprivation by Defendants, warranting this Court's federal jurisdiction.

Second, Plaintiff's reference to an "accident" involves no constitutional precept. Federal courts are courts of limited jurisdiction. *See Bender v. Williamsport Area School District,* 475 U.S. 534, 541 (1986); *Abercrombie v. Office of Comptroller of Currency*, 833 F.2d 672, 674 (7th Cir. 1987). A civil case may proceed in federal court only if a Plaintiff raises a claim based on the Constitution or laws of the United States or diversity jurisdiction exists. Plaintiff's claim primarily sounds in tort, not under the U.S. Constitution or federal law. To the extent that the self-represented cause of action may be generously construed as a 28 U.S.C. § 1332 diversity tort claim against Defendants, the cause of action may not go forward as the parties here are not claimed to be diverse and do not meet § 1332 requirements.

A Complaint that is totally implausible or frivolous, such as this, may be dismissed *sua sponte* for lack of subject matter jurisdiction pursuant to Fed R. Civ. P 12 (b)(1). *See Apple v. Glenn*, 183 F.3d 477 (6th Cir. 1999); *O'Connor v. United States*, 159 F.R.D. 22 (D. Md. 1994); *see also Crowley Cutlery Co. v. United States*, 849 F.2d 273, 277 (7th Cir. 1988) (federal district judge has authority to dismiss a frivolous suit on his own initiative).

For the aforementioned reasons, a separate Order shall be entered, dismissing Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e).[2] Plaintiff is hereby notified that he may be barred from

---

[2]  § 1915(e)(2) states that:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—

    (A)  the allegation of poverty is untrue; or
    (B)  the action or appeal--
        (i)  is frivolous or malicious;

2

filing future suits in forma pauperis if he continues to file federal civil rights actions that are subject to dismissal under § 1915(e).[2]

Date: <u>December 21, 2012</u>                             <u>           /s/           </u>
                                                      ROGER W. TITUS
                                              UNITED STATES DISTRICT JUDGE

---

[2]   (ii) fails to state a claim on which relief may be granted; or
      (iii) seeks monetary relief against a defendant who is immune from such relief.

§ 1915(g) provides that:

   In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

   Once three such dismissals have been accumulated, a prisoner will be barred from initiating further civil actions in forma pauperis, absent extraordinary circumstances.